STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Larry and Jane    }
Stevens                            }
                                   }   Docket No. 153-8-99 Vtec
                                   }
                                   }

Decision and Order on Supplemented Cross-Motions for Summary Judgment

Appellants Larry and Jane Stevens appealed from a decision of the Development Review Board (DRB) of the Town of Bolton denying their appeal of the Zoning Administrator' s ruling that their proposal required application for subdivision approval rather than consideration as a " minor" subdivision. Appellants are represented by Vincent A. Paradis, Esq.; the Town of Bolton is represented by Amanda S.E. Lafferty, Esq.; the owners of a neighboring parcel of property, Kevin Ruelle and Astrid Suursoo, originally entered their appearance representing themselves, but have not participated further. Appellants and the Town moved for summary judgment on the interpretation of the minor subdivision provisions of the Bolton Subdivision Regulations, and have supplemented their motions after the Court' s initial order.

The land at issue in this matter was initially held by Patricia Porter and three others (" Grantors" ) as a 175-acre parcel of largely undeveloped land in the Rural II zoning district of the Town of Bolton. In 1995, Robert Fischer obtained a zoning permit, as a permitted use, for a hunting camp on a 6.21-acre lot (" the Fischer lot" ), leased from the 175-acre Porter lot. Mr. Fischer was required to and did obtain a sewage disposal permit from the town, but there is no record of subdivision approval having been required at that time. Under the subdivision regulations, a two-lot subdivision such as this one did not require subdivision approval by the then-Planning Commission, although a plan of the property was required to be recorded. In connection with those transactions, a plan showing the leased lot was recorded on August 18, 1995. The anomaly is that the plan is stamped as having been ' approved' by the Planning Commission in 1995, although the only actual approval required or issued was by the zoning administrator.

The 1995 plan shows the interior Fischer lot, with all the surrounding land shown as " land to be retained by Pat Porter." The Porter retained land is portrayed in the 1995 plan as two parcels: one proposed 38.3-acre lot and the remaining undifferentiated retained land. However, no application was ever made to the Planning Commission for approval to subdivide the retained land as shown in the 1995 plan, no subdivision of that retained land was ever approved, and no land was ever in fact conveyed to anyone at that time.

In December 1998, Grantors had a survey plan of the property prepared by the firm of Lamoureux and Dickinson. The legend contains a status box checked with the status " Preliminary." It is entitled " Three Lot Subdivision Property Plat" and " Lands Proposed to be Conveyed to Larry and Jane Stevens." The December 1998 plan shows the Fischer lot and shows the remaining land as divided into three lots: 148.31 acres, 10.11 acres and 10.33 acres,

respectively. No application was ever made to the Planning Commission for approval to subdivide the remaining land as shown in the December 1998 plan, nor was any subdivision of that remaining land approved.

On January 26, 1999, Grantors conveyed the Fischers' leased lot to the Fischers. That conveyance was approved as a minor subdivision on February 24, 1999, using the 1995 Plat. On February 17, 1999, Grantors conveyed the remaining 168.75 acres of land to Appellants.

Appellants submitted the December 1998 plan for filing in the land records in connection with their February 1999 deed to the property. By letter dated April 14, 1999, the Chair of the DRB advised Appellants that although the plan would be recorded in connection with the property transaction, its acceptance for filing did not constitute an approval of a subdivision, and advised Appellants to submit an application for subdivision approval.

On June 23, 1999, Appellants applied for ' minor subdivision' approval of a subdivision of their property into three lots, different both from the proposed lots shown on the 1995 and the 1998 plans. Each of the lots proposed by Appellants exceeds 30 acres in size; they are 30.21 acres, 30.19 acres and 90.07 acres, respectively. The Zoning Administrator denied the application on the basis that it required subdivision approval as a major subdivision. The DRB denied Appellants' appeal of the Zoning Administrator' s decision and Appellants brought this appeal.

The Bolton Subdivision Regulations define the term " subdivision" in Article VIII as " any land, vacant or improved, which is divided or proposed to be divided into four (4) or more lots, parcels, sites, units, plots or interests for the purposes of offer, transfer, sale, lease or development." The term is specifically defined to " include[] amended subdivisions and resubdivisions by existing owners or by subsequent owners," but the definition does not provide a geographical limit or a time frame for determining whether or when subsequent subdivisions are counted in the number of lots.

The term " minor subdivision" is defined either as land proposed to be divided into three or fewer lots, or as " the division of large parcels where all lots created are greater than thirty (30) acres." A minor subdivision is not considered a subdivision under the Regulations, and does not require DRB approval, although a survey plat by a licensed land surveyor is required to be recorded in the Town Land Records. § 140.2.

The Town contends that the originally-proposed division of Grantors' land, as shown on Exhibit D, was a division into four lots, so that Grantors should have obtained subdivision approval for it, and that the Fischer lot should be counted with Appellants' reconfiguration of the plan into three lots of greater than 30 acres each, as a ' resubdivision or amendment' of Grantors' original 4-lot plan.

Because the term subdivision includes the division of land for lease as well as for sale, the division of the Fischer lot in 1995 was the first subdivision of the property, into two lots: the Fischer lot and Grantors' retained land. Despite the fact that the 1995 plan shows the retained land as divided into two lots, Grantors never applied for and the Planning Commission never granted any recognition of that additional division, and it did not in fact occur. The 1995

subdivision fell within the definition of 'minor' subdivision, and under § 140.2 did not require approval from the Planning Commission.

The subsequent sale in 1999 to the Fischers of their formerly leased lot was not a subdivision at all, because the subdivision had already occurred in 1995. Even if it had been a subdivision, it would have fallen within the definition of 'minor subdivision,' and under § 140.2 did not require approval from the Planning Commission. Nevertheless, apparently in February 1999 it did receive some sort of approval as a 'minor subdivision.'

The sale by Grantors to Appellants in February 1999 of the remaining 168.75 acres of property was not even a subdivision, because it was the sale of a single parcel of land. Even if the February 1999 sales by Grantors of the Fischer lot and Appellants' lot were both counted, it would only have constituted a minor subdivision, as it was a division of the land into two parcels. As a 'minor subdivision,' under § 140.2 it would not have required approval from the Planning Commission. Both the DRB and Appellants recognized that the 1998 plan (showing Grantors' land divided into three lots plus the Fischer lot) had not been applied for or ruled on as a subdivision.

Therefore, when Appellants applied for their three-lot subdivision, into lots each greater than thirty acres in size, their application should have been treated as a minor subdivision under either prong of the definition. Again, under § 140.2 it does not require approval from the Planning Commission (now the Development Review Board).

If the Town wishes to extend its subdivision jurisdiction over all subdivisions, or wishes to count subsequent subdivisions in time or in geographic area, it may wish to amend its regulations to do so. Under the regulations as supplied to the Court, however, Appellants' proposal falls within the Bolton Subdivision Regulations' definition of 'minor subdivision.'

Accordingly, based on the foregoing, Appellants' Motion for Summary Judgment is GRANTED and the Town's Motion for Summary Judgment is DENIED. The proposed subdivision is a minor subdivision under the Town of Bolton Subdivision Regulations. This decision concludes this matter in Environmental Court.

Done at Barre, Vermont, this 2nd day of March, 2001.


_____
Merideth Wright
Environmental Judge